UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN JOHNSON, )<br>)<br>Defendant. ) | No. 19 CR 405<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

The parties' *in limine* motions [164, 165, 166] are granted in part, denied in part, and entered and continued in part. The parties are reminded that rulings on motions *in limine* are provisional. "Since motions *in limine* are, by their very nature, based upon proposed and anticipated, rather than actual, testimony they are considered provisional and subject to re-review upon request." *United States v. Phillips*, 2014 WL 2801323, at *3 (N.D. Ill. June 12, 2014); *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013).

## DISCUSSION

**I.  Government's Motions *in Limine***

**A.  Motion to Recall Witness (FBI Task Force Officer Anthony Sack)**

The court grants the Government's motion. The court may "exercise reasonable control" over the presentation of witnesses, both to more effectively determine the truth and to avoid wasted time. FED. R. EVID. 611(a). To streamline the presentation of the issues, Officer Sack may testify twice: once as to the time period related to Counts One through Ten (2010–2019), and once as to the time period covered by Counts Eleven and Twelve (2023)—but only if evidence relating to those latter counts, to which Defendant intends to plead guilty, is otherwise admissible.

**B.  Motion to Admit Self-Authenticating Domestic Records Under Rules 902(11), 902(13), and 902(14)**

The court denies this motion as moot.

**C.  Motion to Admit Self-Authenticating Domestic Public Records Under Rule 902(1)**

The court grants the Government's motion without objection. The Government seeks to introduce two orders from this court [103, 124][1] to "establish that, when defendant fled, he was in custody pursuant to process issued under the laws of the United States, and that he failed to return within the time prescribed to an institution or facility designated by the Attorney General,

---

[1] It appears that the final version of the January 25, 2023 order at issue in this case was issued, in revised form, on January 26; accordingly, the court cites to that revised Order.

as required by Sections 751(a) and 4082(a)." (Gov.'s Consol. Mots. In Limine (hereinafter "Gov. MIL") [164] at 10–11.)

The parties represented to the court that they had agreed on redactions to the November 17, 2022 document to mask mention of Defendant's mental health and his violations of conditions of pretrial release prior to the events at issue in this case. The Government may thus admit the November 17, 2022 order with appropriate redactions as a self-authenticating document.

The court reserves judgment on other potential objections to admission of these documents.

### D. Motion to Limit the Display of Pornography

The Government's motion is granted without objection.

### E. Motion to Bar Argument Concerning Minor's Ability to Consent

The Government's motion is granted. The court reserves judgment, however, on the admissibility of evidence concerning Victim A's actions that may be relevant for reasons other than her ability to consent.

### F. Evidence of Individuals' Sexual History

The court reserves judgment on both parties' motions regarding evidence that arguably falls within the scope of Federal Rule of Evidence 412. Pursuant to the parties' agreement, the court will make admissibility determinations on such evidence outside the presence of the jury after hearing relevant complaining witnesses' direct examinations.

### G. Motion to Preclude Evidence Regarding Victim's Names

The court grants the Government's motion without objection, adding that the complaining witnesses will be referred to as "Individual" or "Complaining Witness," as opposed to "Victim."

### H. Motion to Exclude Evidence and Argument Regarding Defendant's Good-Faith Belief that Victims Would Not Be Harmed

The court agrees with the Government that, in the abstract, fraudulent statements cannot be cleansed by a defendant's good-faith belief that those statements would not harm the victim. *See United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008). Some evidence concerning Defendant's beliefs may nevertheless be relevant to the question of his knowledge or intent to defraud. The court thus reserves judgment on the Government's motion, and will resolve this issue at trial.

### I. Motion to Preclude Defendant's Introduction of Self-Exculpatory Hearsay

The court grants this motion in that it will enforce the hearsay rule, but reserves judgment on whether individual questions appear to call for inadmissible testimony.

### J. Motion to Preclude Victim-Blaming Evidence or Argument

The court acknowledges the Government's motion appears to be largely without objection, and will rule individually on any questions that appear to have no purpose other than blaming the complaining witnesses or other potential victims.

    **K.    Motion to Bar Cross-Examination Regarding the General Veracity of Internet Users**

The court grants the Government's motion without objection.

    **L.    Motion to Bar Argument Regarding the "Profile" of a Sex Offender or Sex Trafficker**

The court grants the Government's motion without objection.

    **M.    Motion to Admit Direct Evidence, or in the Alternative, to Admit Evidence Pursuant to Fed. R. Evid. 404(b)**

The court grants the Government's motion in part and denies it in part. Specifically, the court rules as follows by evidence type:

    **1.    Emails, contracts, and 'business' records related to both victims and others**

For reasons stated on the record, the court grants the Government's motion on the condition that the names of recipients of these business records be redacted.

    **2.    Testimony of Victim H**

The court reserves judgment on the Government's motion, but notes that the evidence as described appears cumulative.

    **3.    Testimony regarding certain victims engaging in non-consensual sex during their allegedly fake "auditions" with Defendant**

The court reserves judgment on the Government's motion.

    **4.    Emails from the Defendant to the victims apparently postdating the offense**

The court grants the Government's motion insofar as the evidence is introduced to prove that the Defendant obtained "anything of value" from his alleged acts involving the complaining witnesses. 18 U.S. Code § 1591(a)(2).

    **5.    Evidence concerning the Defendant's alleged sexual preference for "hairiness"**

The court reserves judgment on the Government's motion for the reasons stated on the record.

    **6.    Evidence of child pornography, specifically images of Victim A, found on different devices in Defendant's home**

The court reserves judgment on the Government's motion.

### N.	Motion to Admit Defendant's Prior Felony Conviction if He Testifies

The court denies the Government's motion without prejudice. Under Rule 609, a past criminal conviction must be introduced against a witness if the crime involved "proving . . . a dishonest act or false statement." FED. R. EVID. 609(a)(2). Defendant's prior conviction for wire fraud easily falls into that category. However, Rule 609 bars evidence of any conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," unless the evidence's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . . ." FED. R. EVID. 609(b).

Defendant was convicted in 2003 for wire fraud he had committed in 2002, and sentenced to 27 months in prison and three years of supervised release. *See United States v. Brian Johnson*, 03-cr-37 [1, 22, 26]. He was released in 2005, and his supervised release ended in 2008. (Gov. MIL at 39.)

The court is not convinced that this earlier conviction's probative value is high enough to warrant its admission under Rule 609's altered balancing test. To determine admissibility under this exception to the rule, the Seventh Circuit has provided a five-part "guide" to this court's discretion: 1) the "impeachment value of the prior crime"; 2) "the point in time of the conviction and the witness's subsequent history"; 3) the similarity between the past crime and the crime charged; 4) the "importance of the defendant's testimony"; and 5) the "centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004).

Weighing these factors, the court notes, first, that there is some impeachment value of Defendant's 20-year-old bank fraud conviction; past fraud may be probative of the Defendant's credibility. But the conviction's 20-year remove weakens its potency. The second factor also slightly favors admission. On the one hand, Defendant's bank fraud conviction predated the alleged fraud in this case by nearly a decade; on the other, he allegedly began committing his present fraud just a few years after his release from prison for the 2003 offense, putting the commission of the two crimes closer than ten years apart. *See id.* (making a similar point). The third factor is a wash. The more dissimilar the crimes, the less likely the admission of the past conviction will "improperly . . . suggest to the jury any tendency on [the Defendant's] part to commit the instant offense." *Id.* Here, the crimes are somewhat dissimilar in their facts—bank fraud versus sex-trafficking fraud—but both involve fraud, which, beyond its impeachment value for truthfulness, may lead the jury to make an improper propensity inference as to the fraud element of his offense. Finally, the fourth and fifth factors slightly favor admission, should Defendant choose to testify, as his credibility would then be important to resolving a case.

The past conviction thus has some real probative value, but in the court's view does not "substantially outweigh" the potential for undue prejudice. FED. R. EVID. 609(b).

### O.	Motion to Preclude Impermissible Use of Prior Grand Jury Testimony During Cross-Examination

The court grants the Government's motion without objection.

### P.	Motion to Preclude Impermissible Use of Witness Interview Memoranda During Cross-Examination

The court agrees with Defendant that the Government's motion is premature and thus declines to rule at this time.

> **Q. Motion to Preclude Argument or Evidence Designed to Elicit Jury Nullification**

The court grants the Government's motion in part and denies it in part, as to specific evidence:

> **1. Evidence of Defendant's Age, Health, or Family Needs**

The court grants the Government's motion without objection.

> **2. Evidence of Penalties Faced by the Defendant if Convicted**

The court grants the Government's motion without objection.

> **3. Evidence of the Government's Motivations for Investigating and Prosecuting the Case**

The court reserves judgment on this issue and will address it in the event it surfaces during the case, which, as Defendant points out, appears unlikely.

> **4. Evidence of Investigative Steps Not Taken by Government**

The court declines to adopt a broad, blanket ruling in this regard, as it could be read to preclude Defendant from challenging the quality of some of the Government's evidence. The court notes that the question before the jury will be whether the Government has met its burden of proof with the evidence it does offer—not whether other, unpresented evidence might bolster or undermine the Government's case. For now, ruling on this motion is reserved.

> **5. The "Golden Rule" Argument**

The court grants the Government's motion without objection.

> **6. Motion to Preclude Argument or Evidence of Lawfulness**

Evidence of the Defendant's other lawful conduct is generally inadmissible. As the court cannot predict whether all evidence of "lawfulness" would amount to impermissible bolstering, however, the court reserves judgment on this motion.

> **7. Motion to Bar Explanations of Reasonable Doubt**

The court grants the Government's motion without objection.

**II. Defendant's Motions *in Limine***

> **A. Motion to Limit Witness Testimony Regarding Speculation**

Defendant seeks to exclude statements by complaining witnesses that they believe they were drugged by the defendant. The Government has indicated they will not elicit testimony from witnesses regarding whether they believe they were drugged; the government is, however, free to elicit testimony from the complaining witnesses about the amount of alcohol or other beverages that they consumed and their physical sensations after they drank, as such evidence might

explain any gaps in memory. The witnesses' speculation about having been drugged will not be admitted, however.

### B.   Motion to Limit Witness Testimony Regarding Alleged Impact of Offense

The court grants Defendant's motion in part. Witnesses may not testify about the *long-term* effects of the alleged offenses on their lives in a way that is unduly prejudicial and amounts to victim impact testimony more appropriate for a sentencing hearing. However, witnesses are free to testify about the *short-term* impact of Defendant's actions on them during the course of the offense, to explain their bases for responding (or not) to Defendant's requests.

### C.   Motion to Limit Victim D's Testimony Regarding an Abortion

The court grants Defendant's motion in part. Defendant seeks to exclude any testimony related to Victim D's alleged pregnancy and abortion after sex with the Defendant as unfairly prejudicial. The Government has indicated they will redact references to abortion, rendering that issue moot. The Government does, however, argue it should be able to introduce evidence—including testimony and emails—concerning conversations between Defendant and Victim D that are allegedly probative of Defendant's intent to defraud her for further sex. The court concurs that these statements are admissible as potentially relevant to fraud; however, any reference to abortion within these conversations or messages is not as clearly relevant and will be redacted, consistent with the Government's representation.

### D.   Motion to Sever Count 11 and Limit Evidence Regarding Escape

As Defendant intends to enter a plea of guilty to Counts 11 and 12, the court denies Defendant's motion to sever as moot.

As to evidence concerning Defendant's escape, the court reserves ruling on its admissibility. Should Defendant testify, evidence concerning escape may well be appropriate impeachment evidence.

If he declines to do so, however, the court has serious reservations as to the prejudicial effect such evidence may have. To the extent the evidence is offered to show consciousness of guilt, its probative value is limited; consciousness of guilt is not an element of any offense with which Defendant is charged and is not necessarily probative of actual guilt. Additionally, the court anticipates that evidence of Defendant's escape—separate from evidence that he held onto images or videos of the complaining witnesses—may be cumulative if offered to prove that he received "anything of value" from his alleged fraudulent scheme predating the escape by years. 18 U.S.C. § 1591(a)(2).

The court recognizes it has substantial discretion on this issue and that other courts in this circuit have routinely admitted such evidence. *See, e.g., United States v. Skoczen*, 405 F.3d 537, 549 (7th Cir. 2005); *United States v. Russell*, 662 F.3d 831, 850–52 (7th Cir. 2011); *United States v. Mireles*, No. 15 CR 485-9, 2019 WL 7604752, at *1 (N.D. Ill. July 31, 2019); *Ward v. Brown*, No. 216CV00295WTLDLP, 2018 WL 1469285, at *13 (S.D. Ind. Mar. 26, 2018) ("[E]ven if Ms. Culotta had properly submitted and won a motion to sever the escape charge, evidence of Mr. Ward's flight could still have been brought in as evidence and argued in the prosecutor's closing argument.").

Should the court conclude that any such evidence is admissible, it will likely instruct the jury as follows, drawing from instructions upheld in *Skoczen*, 405 F.3d at 549:

> You may hear evidence of the Defendant's temporary flight from custody after having been accused of a crime that has been committed. Such evidence does

not by itself establish his guilt. Nonetheless, you may consider it, in light of all other evidence in the case, when determining whether the government has met its burden of proof in this case.

The court invites the parties to offer any proposed amendments to such an instruction at any time before the court definitively rules on the admission of such evidence.

## **CONCLUSION**

The parties' motions are granted in part, denied in part, and entered and continued in part.

ENTER:

Dated: April 5, 2024

_____
REBECCA R. PALLMEYER
United States District Judge

7